NOT FOR PUBLICATION



FILED

APR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| KELLY ST. JULIAN, | ) | No. 10-55470 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 8:08-cv-00147-CJC-MLG |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| JOSEPH ST. JULIAN, an individual, | ) | |
| | ) | |
| Defendant – cross-claimant – Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation; BUSINESS EDGE SOLUTIONS LIFE INSURANCE PLANS, an ERISA Plan, | ) | |
| | ) | |
| Cross-defendants – Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 9, 2012[]
Pasadena, California

Before:      FERNANDEZ and SILVERMAN, Circuit Judges, and BLOCK,[***] District Judge.

Kelly St. Julian appeals from the district court's grant of summary judgment to Joseph St. Julian on her claim seeking to impose a constructive trust over the proceeds of an ERISA[1] covered life insurance policy on the life of John St. Julian. We affirm.

Kelly asserts that because she was John's surviving, though estranged,[2] spouse, she can claim a community property interest in the proceeds.  However, regardless of whether California would determine that Kelly had a community property interest in the policy, this court has clearly held that the preemption provision of ERISA[3] precludes the imposition of a constructive trust upon the proceeds.  See Carmona v. Carmona, 603 F.3d 1041, 1061–62 (9th Cir. 2010), cert.

---

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

[1]Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461.

[2]There can be no doubt that Kelly and John were living separately and that Kelly had filed for a dissolution of the marriage.

[3]29 U.S.C. § 1144(a).

denied, ___ U.S. ___, 131 S. Ct. 1492, 179 L. Ed. 2d 305 (2011).  As we said, "a state law constructive trust cannot be used to contravene the dictates of ERISA." Id. at 1061.[4]  That being so, the district court properly granted summary judgment in favor of Joseph.  While Kelly launches a number of attacks on Carmona's reasoning, we are bound by its holdings.  See, e.g., Hart v. Massanari, 266 F.3d 1155, 1171 (9th Cir. 2001).

AFFIRMED.

---

[4]Carmona, 603 F.3d at 1062, did note that, perhaps, a constructive trust could be used "to recover ill-gotten gains."  However, there is no indication that Joseph's gains were "ill-gotten."

3