**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEVON LARIE ORR, | No. 12-35560 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00647-BLW |
| v. | |
| MICHELLE ORR, natural guardian and/or conservator for and on behalf of Z.O., a minor child, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted October 9, 2013[**]
Seattle, Washington

Before: GRABER and MURGUIA, Circuit Judges, and BURY, District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David C. Bury, District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

Devon Orr, the widow of John Orr, appeals from the district court's grant of summary judgment to Michelle Orr, in her capacity as a representative of John's minor son Z.O. Devon had brought a state law claim for half of the proceeds of John's ERISA[1]-regulated life insurance policy. We affirm the district court.

At the time of John's death, Z.O. was designated the sole beneficiary of his policy. Devon argues that Idaho community property law entitles her to one half of the policy proceeds, and she seeks to have a constructive trust imposed over her purported share. However, to the extent that Idaho law might have granted Devon a right to any part of the policy proceeds, that right is preempted by ERISA. 29 U.S.C. § 1144(a).

"[A] state law constructive trust cannot be used to contravene the dictates of ERISA." *Carmona v. Carmona*, 603 F.3d 1041, 1061 (9th Cir. 2010); *accord St. Julian v. St. Julian*, 472 F. App'x 698, 699 (9th Cir. 2012) (unpublished) ("[T]his court has clearly held that the preemption provision of ERISA precludes the imposition of a constructive trust upon the proceeds."). Devon's asserted interest in the policy proceeds "directly conflicts with ERISA's requirements that plans be administered, and benefits be paid, in accordance with plan documents." *Egelhoff*

_____

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

2

*v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 150 (2001). "It does not matter that [Devon seeks] to enforce [her] rights only after the [policy proceeds] have been distributed since [her] asserted rights are based on the theory that [she] had an interest in the undistributed . . . benefits." *Boggs v. Boggs*, 520 U.S. 833, 854 (1997). The district court correctly granted summary judgment to Michelle Orr.

**AFFIRMED.**